# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHARDA SEEGOLAM, | ) | Case No. 6:10-bk-09186-KSJ |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| NANDUMAR SOOKHAI AND | ) | |
| RESHA SOOKHAI | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | Adv. Pro. No. 6:10-ap-00225-KSJ |
| SHARDA SEEGOLAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

The plaintiffs, Nandumar Sookhai and Resha Sookhai, filed this adversary proceeding, pursuant to § 523(a)(2)(A) of the Bankruptcy Code,[1] to except from discharge a debt owed by the defendant/debtor, Sharda Seegolam, which stems from a state court money judgment. The plaintiffs filed the state court action alleging the debtor fraudulently sold them 100% of the stock in Casablanca Coffee, Tea and Wine House, Inc. The state court ultimately found for the plaintiffs and ruled the debtor fraudulently sold the company stock.[2] Under § 523(a)(2)(A), a debt is excepted from discharge if the debt results from "false pretenses, a false representation, or actual fraud." The plaintiffs now seek summary judgment,[3] apparently relying on the doctrine of collateral estoppel, to bar the debtor from relitigating the issue of fraud previously determined by

---

[1] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code
[2] Judge Robert Evens rendered the final judgment on February 2, 2010, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County in a case styled *Madhudri S. Seegolam and Naipaul Seegolam v. Namdumar Sookhai and Resha Sookhai*, Florida Case No. 07-CA-12609.
[3] Doc. No. 10.

the state court. Finding collateral estoppel indeed bars relitigation in this case, the Court will enter judgment in favor of the plaintiffs finding that the state court judgment is non-dischargeable.

The dispute concerns whether the debtor made fraudulent misrepresentations to the plaintiffs that were material inducements for the plaintiffs to buy stock in the debtor's business. In determining whether the debtor made fraudulent misrepresentations, the state court noted that the debtor misrepresented the weekly sales of the business, length of business operations, and that the assets were free of any lien and encumbrance.[4] The state court further noted that the misrepresentations were known by the debtor to be false and were relied upon by the plaintiffs to their detriment.[5] The state court found for the plaintiffs on all counts in their claim: (Count I) Fraud in the Inducement; (Count II) Breach of Contract; (Count III) Violation of Florida's Unfair and Deceptive Trade Practices Act (Fla. Stat. § 501.201); and (Count IV) Violation of the Florida Securities and Investors Protection Act (Fla. Stat. § 517.301) and against the debtor.[6] The state court entered a final judgment in the amount of $125,554.35 plus interest on February 2, 2010.[7]

On May 26, 2010, the debtor filed this Chapter 7 bankruptcy case. In response, the plaintiffs filed this adversary proceeding contending under § 523(a)(2)(A) of the Bankruptcy Code that the state court judgment is not dischargeable. Subsequently, the debtor countered, in her unverified and "non-response" response to the plaintiffs' complaint, that the plaintiffs' poor business performance was a result of inadequate food, service, and advertising.[8]  The plaintiffs now seek summary judgment relying on the doctrine of collateral estoppel to bar the debtor from relitigating whether the purchase contract was made under false pretenses, false representation, or actual fraud.

---

[4] Doc. No. 1, Exh. A.
[5] *Id.* at p. 1.
[6] *Id.* at p. 1.
[7] *Id.* at p. 2.
[8] Doc. No. 19.

Pursuant to Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[9] The moving party has the burden of establishing the right to summary judgment.[10]  In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion.[11] Therefore, a material factual dispute precludes summary judgment.[12]

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. The principles of collateral estoppel apply in discharge exception proceedings in bankruptcy court."[13] The United States Court of Appeals for the Eleventh Circuit has held that in order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, the following four elements must be present:  (i) the issue in the prior action and the issue in the bankruptcy action are identical; (ii) the bankruptcy issue was actually litigated in the prior action; (iii) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (iv) the burden of proof in the dischargeability proceeding must not be significantly heavier than the burden of proof in the prior action.[14] In this case, each of the four prongs is satisfied.

The first collateral estoppel prong is present because the fraud issue at stake in the bankruptcy proceeding was identical to that decided in the state court proceeding. For purposes of § 523(a)(2)(A), a creditor must establish the traditional elements of common law fraud: (i) debtor made a false representation with the purpose and intent to deceive the creditor; (ii) the

---

[9] Fed. R. Civ. P. 56
[10] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[11] *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (*citing Dibrell Bros. Int'l S.A. v Banca Nazionale Del Lavaro*, 38 F.3d 1571, 1578 (11th Cir. 1994)).
[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[13] *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995).
[14] *Id.*

creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation.[15] Under Florida Law, a creditor must establish that the debtor made a "deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff."[16] The elements of Florida common law fraud parallel the requirements of § 523(a)(2)(A) and, therefore, are "sufficiently identical… to meet the first prong of the test for collateral estoppel."[17] The issue of fraud in this bankruptcy case therefore is identical to the issue in the prior state court litigation, thus meeting the first prong of the collateral estoppel test.

The second and third collateral estoppel prongs also are present. The issue at stake, fraud in the inducement, was actually litigated in the prior proceeding. The state court tried each element necessary for a determination of fraud, each being fully and actually litigated. The second prong of the test was therefore fulfilled. Moreover, the state court's finding of fraud was a critical and necessary part of the final judgment in the decision because fraud must be shown in order to prevail on a cause of action for fraud in the inducement. As a result, the third prong is satisfied.

---

[15] *SEC v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir. 1998); *Fuller v. Johannessen (In re Johannessen),* 76 F.3d 347, 350 (11th Cir. 1996).
[16] *Louis S. St. Laurent, II v. William J. Ambrose,* 991 F.2d 672, 676 (11th Cir. 1993) (quoting *First Interstate Dev. Corp v. Ablanedo,* 511 So.2d 536, 539 (Fla. 1987).
[17] *Cardinal Service Corporation of Richmond v. Lamar M. Jolly (In re Jolly),* 124 B.R. 365, 367 (Bankr. M.D.Fla. 1991) (quoting *Bear, Stearns & Co. v. Charles M. Powell (In re Powell),* 95 B.R. 236, 239 (Bankr. S.D.Fla. 1989).

As to the fourth collateral estoppel prong, the burden of persuasion in this dischargeability proceeding is not heavier than the burden of persuasion in the initial state court case; in fact, it is equal. A preponderance of evidence is required to establish fraud under Florida law.[18] Similarly, the standard of proof to be applied in dischargeability proceedings under § 523(a) is the preponderance of evidence.[19]

For these reasons, the Court holds that collateral estoppel precludes the debtor from relitigating the issue of fraud in this adversary proceeding. The plaintiffs' state court judgment finding the debtor liable for fraudulent misrepresentation thus establishes the plaintiffs' entitlement to except the money judgment from discharge under § 523(a)(2)(A). Accordingly, the Court will grant the plaintiffs' Motion for Summary Judgment.[20] The Final Judgment obtained by the plaintiffs against the debtor is not dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, FL, on June 2, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

---

[18] *Wieczoreck v. H & H Builders, Inc.*, 475 So.2d 227, 228 (Fla. 1985).
[19] *Grogan v. Garner*, 498 U.S. 279, 291 (1991).
[20] Doc. No. 10

Copies furnished to:

Debtor: Sharda Seegolam, 1252 N. Pine Hills Rd, Orlando, FL 32808

Attorney for Plaintiffs: Gary J Lublin, PO Box 3146, Orlando, FL 32802-3146